ZIEFLE *et al., Appellants,* v. SEID.

Division One, February 9, 1897.

1. **Appellate Practice:** FAILURE TO PROSECUTE APPEAL: STATUTE. Where a party has failed to prosecute his appeal, and the adversary moves to affirm under section 2252, a waiver of compliance with the statute (as to time) will be "good cause" against a motion to affirm; but mere delay to move for the affirmance until the hearing is near at hand will not amount to such a waiver.

2. ——: ——: WAIVER. After making a motion to affirm, the respondent filed brief on the merits before the case was reached for argument; *held*, that the latter brief did not waive the motion to affirm.

3. ——: ——. A motion to affirm judgment for failure to prosecute an appeal under section 2252 (R. S. 1889) should be based on the transcript required by that section, and not on the adversary's record.

*Appeal from Livingston Circuit Court.*—Hon. E. J.
Broaddus, Judge.

Affirmed.

*Chapman & Davis* and *Sheetz & Wait* for appellants.

*Miller Brothers* for respondent.

(1) To appeal under section 2253, Revised Statutes 1889, the certified copy of judgment and record entries and order granting appeal, must be filed in the office of the clerk of the supreme court fifteen days before the first day of the return term. *Rodney v. Bryne*, 1 Mo. 742; *Boggs v. Ins. Co.*, 31 Mo. 499; *Caldwell v. Hawkins*, 46 Mo. 263; *In re Drake Estate*, 7 Mo. App. 512; *Ellis v. Wyett*, 10 Mo. App. 580; *Kumwick v. Castleman*, 21 Mo. App. 592; *Snyder v. Free*, 102 Mo. 325; *Thompson v. Allen*, 107 Mo. 479; R. S. 1889, sec. 2252; Laws 1891, p. 69; *Land & Inv. Co. v. Martin*, 125 Mo. 115. (2) Laws of 1891, page 69, amending section 2252, Revised Statutes 1889, was not designed to prevent an affirmance where the delay in filing the transcript was due to the negligence of appellants or of their counsel. *Beckman v. Ins. Co.*, 52 Mo. App. 343; *Messick v. Fairburn*, 52 Mo. App. 69. (3) Appeal was perfected on the twentieth day of January, 1895, when the bill of exceptions was filed, and was more than sixty days before the April term of the su-

preme court of 1895, and was returnable to said April term of said court. Art. 6, const., sec. 9; sec. 2252, R. S. 1889; Laws 1891, p. 69; *Hicks v. Hoos*, 44 Mo. App. 571; *Messick v. Fairburn*, 52 Mo. App. 69; *Land & Inv. Co. v. Martin*, 125 Mo. 115. (4) The clerk was not compelled to make out any transcript in this case until notified by appellants or their attorneys which they desire, a perfect transcript or certified copy of record entries. In this case, they chose the latter, and it was immediately made out. They are in default. *Messieck v. Fairburn*, 52 Mo. App. 70.

PER CURIAM (BARCLAY, P. J., and MACFARLANE, ROBINSON, and BRACE, JJ).—Defendant has moved to affirm, because the certificate of judgment and appeal (filed by appellant in the supreme court under section 2253) was filed too late.

The facts on that point are as follows:

December 6, 1894, appeal allowed.

January 20, 1895, bill of exceptions filed.

August 29, 1895, certified copies of judgment, etc., filed in supreme court.

November 18, 1896, service on defendant of plaintiffs' abstract of record.

December 15, 1896, motion by defendant to affirm.

The motion to affirm was at first overruled, but a rehearing on that motion was allowed. We now conclude that it should be sustained.

When the motion was made, the cause had been set down for a hearing, January 7, 1897. Defendant filed an abstract and brief on the merits, January 18, 1897, as well as an earlier separate brief in December last (solely upon the motion to affirm), and a fuller one upon the rehearing of that motion.

The plaintiffs' counsel, with entire frankness, admit that "the appeal should have been perfected by

transcript at the April term," 1895, and assign as cause for the delay "press of business," conceding "legal negligence" in that matter. But they resist the motion to affirm because the latter was not brought on until after the case was set for hearing and appellants had gone to the expense of preparing and printing abstracts and briefs, and of filing them in court.

Plaintiffs also object to the motion for want of the required transcript to secure an affirmance. This latter objection is, however, plainly untenable, as defendant (with his original motion to affirm) submitted also the certificate specified by section 2252. So nothing further need be said on that point.

But the first mentioned objection is of greater weight, and it may be well to state our reasons in disposing of it.

The substance of plaintiffs' claim is that defendant, respondent, should have moved more promptly for the affirmance, and that having failed to do so (until plaintiff had gone to some expense upon a supposition that the appeal was to be heard on its merits) the court should not now favorably entertain the pending motion.

The statute law requires the appellate court to affirm, in the circumstances described by section 2253, "unless good cause to the contrary be shown." It is admitted that no good cause has been given for the failure to file in due time the transcript (or, in this instance, the certificate). But it certainly would be "good cause" against affirmance if a waiver, in respect of the matter of time, was shown. The question here is whether the facts aforesaid establish any waiver.

We do not regard the omission to move for an affirmance, until the hearing is near at hand, as constituting, of itself, a ground to deny such a motion. Adopting the language of Judge ELLIOTT in his treatise

on *Appellate Procedure* (1 Ed., sec. 249), "A party against whom an appeal is assumed to be taken in term has a right to presume that it is waived or abandoned, unless the party who assumes to prosecute the appeal does what the statute requires, and this assumption authorizes him to remain inactive."

There is nothing in the Missouri law to suggest that delay in moving for the affirmance will cure delay of the appellant in following the requirements of section 2252 (as amended by the laws of 1891, p. 69). That section seems imperative, and this court certainly has no desire to avoid enforcing it. Its purpose is to expedite the hearing and disposition of causes on appeal. No doubt, parties may (to some extent and in some circumstances) waive the advantages of the statute. But we hold that lapse of time alone does not avert all the statutory consequences of a delay by the appellant. It is against just such delay that the statute is aimed.

If the statute is unnecessarily harsh in its demands for speed in bringing appeals forward, the remedy lies with the law-making department of the government. The recent amendment of the law (Acts of 1891, p. 69) shows that it has been duly considered by the legislature. It is our plain duty to enforce its terms.

At the time the cause was reached for hearing in this division, the defendant's motion to affirm was still pending. The cause in that shape was taken as submitted as to plaintiffs (appellants) and thereafter defendant filed a brief on the merits along with an additional or supplemental brief on the motion to affirm.

Applying the general principles recognized in this state touching waiver by pleading, we hold that the filing of the brief on the merits (in the circumstances

described) did not waive or annul the motion to affirm or impair the force of the points it raised. *Stanley v. Railroad* (1876), 62 Mo. 508; *Little v. Harrington* (1880), 71 Mo. 390; *Coombs Com. Co. v. Block* (1895), 130 Mo. 668 (32 S. W. Rep. 1139).

*Banse v. Tate* (1895), 62 Mo. App. 150 (which plaintiffs cite as tending to a different result) is distinguishable from the present appeal in that the respondent, in the former, did not submit any such certificate as section 2252 requires as a condition precedent to an affirmance. The remark in that case touching "the expense of making ·a transcript" was not necessary to the ruling made. It is by no means clear that the learned judge who wrote that opinion would have reached the result announced, had the expense of making the transcript been the only ground of objection to the motion to affirm, founded on a proper certificate.

In this case the judgment is affirmed, all the judges of the first division concurring.