KENNER *et al.*, *Plaintiffs in Error*, v. DOE RUN LEAD COMPANY *et al.*

Division One, November 3, 1897.

**Notice to Defendant in Error:** DISMISSAL: WAIVER. If the person suing out a writ of error does not cause a notice in writing of such fact to be served on the opposite party or his attorney of record twenty days before the return day of such writ, the cause will be dismissed. Such notice may be waived, but the filing of a brief on the merits along with a brief on the motion to dismiss, which had already been filed, will not amount to a waiver.

*Error to St. Francois Circuit Court.*—HON. JAMES F. GREEN, Judge.

*On motion to dismiss writ of error.*

DISMISSED.

*William Carter* and *K. W. Weber* with *E. A. Rozier* for the motion.

We must insist first of all that respondent's motion to dismiss the writ of error sued out in this case should be sustained for reasons therein assigned. *Schnelle v. Devanny*, 61 Mo. App. 453; R. S. 1889, sec. 2290.

*M. R. Smith* and *Martin L. Clardy* against the motion.

(1) While an appeal is held to be a continuation of a suit, a writ of error is a new action, but the cases in which this has been said are those in which it has been sought to invoke the doctrine of *lis pendens* to defeat the purchase of property in litigation. 2 Tate's Practice, p. 1141; *Bank v. Jenkins,* 104 Ill. 152; *Pierce v. Stinde,* 11 Mo. App. 364; *Macklin v. Allenberg,* 100 Mo. 343. (2) The issuance of the writ of error gave this court jurisdiction of the subject-matter of the suit. *Ring v. Railroad,* 112 Mo. 220; *Stevens v. Clark,* 62 Fed. Rep. 321. The jurisdiction of this court attached when the writ was issued and it continued until the writ of error was dismissed. (3) The object of section 2290 is for the purpose of giving such party notice of the pendency of the suit in the Supreme Court. The affidavit of Mr. M. R. Smith, filed on the twentieth instant, shows that counsel for plaintiffs announced in open court that a writ of error would be applied for and defendants had notice that the necessary antecedent steps were taken, such as the filing of the bill of exceptions, etc., for the removal of the cause from the circuit to the Supreme Court. They did not have notice in writing, but it is clear that they were not misled, but that they knew that the writ of error had been sued out. (4) By filing their brief, we insist that defendants in error entered their appearance in this court and waived the necessity of the notice provided for by section 2290. *Page v. Railroad,* 61 Mo. 79; *Bates v. Scott Bros.,* 26 Mo. App. 430; *Wolff v. Danforth Co.,* 70 Mo. 182; *Berry v. Trust Co.,* 75 Mo. 433; *In re Jos. Uhrig Brewing Co.; Hauessler, Appellant,* 11 Mo. App. 387.

PER CURIAM (BARCLAY, P. J., and MACFARLANE, ROBINSON and BRACE, JJ.)—The facts in the progress of the proceedings on this writ of error are as follows:

1895, Feb. 21.  Writ of error issued, returnable into the Supreme Court at April term, 1895.

1895, April 6.  Date of return of circuit clerk to writ of error.

1897, Sept. 10.  Service of notice of writ of error upon attorney of record of defendants in error.

1897, Sept. 18.  Service of brief of plaintiffs in error on attorneys of defendants in error.

1897, Oct. 11.  Service of brief of defendants in error on attorney for plaintiffs in error.

1897, Oct. 12.  Motion filed to dismiss writ of error for want of notice as required by section 2290.  (Notice of this motion was duly given September 20, 1897, under the rules of court.)

1897, Oct. 20.  Motion to dismiss writ of error sustained.

The plaintiffs in error have moved to set aside the last named order, and have submitted a forcible argument to show that the defendants in error waived the right to insist on a dismissal of the writ of error by filing a brief to the merits and by appearing generally when they moved to dismiss.  The brief of defendants in error, while it treated of the merits, also insisted on the motion to dismiss (of which motion plaintiffs in error had been notified before they were served with any brief by defendants in error).  It also appeared that, when the final steps in this case occurred on the circuit, counsel for plaintiffs in error verbally notified counsel on the other side that a writ of error would be sued out.  The motion to dismiss was filed on the first day of the present October term.

These facts do not show any waiver of the written

notice required by section 2290, Revised Statutes 1889, which declares that: "Every person suing out a writ of error shall cause notice thereof in writing to be served on the adverse party or his attorney of record, twenty days before the return day of such writ. If such notice be not served, the writ shall be dismissed, unless good cause for such failure be shown."

No doubt the notice may be waived; but the mere fact that a brief on the merits is submitted, along with a brief to support a motion (already filed) to dismiss, does not amount to a waiver. Under the principle of procedure declared in *Little v. Harrington* (1880) 71 Mo. 390, recently applied by this division in *Ziefle v. Seid* (1897) 137 Mo. 538 (38 S. W. Rep. 963) the discussion of the merits by brief can not justly be regarded as an abandonment of a motion to dismiss, previously filed and not yet ruled upon.

Nor does the fact that the appearance is general (to file merely a motion to dismiss) dispense with the notice.

Counsel for plaintiffs in error have cited a number of decisions from the Missouri Reports in which various moves of the adversary party have been held to dispense with notice of appeal from the judgment of a justice of the peace. *Page v. Railroad* (1875) 61 Mo. 78, is an example of those cases. It is now insisted that those rulings govern the question raised by the motion to dismiss this writ of error. The statute regulating appeals from justices plainly intends that any sort of appearance of the appellee shall be a substitute for the giving of notice of the appeal. R. S. 1889, secs. 6342, 6343. If in the present case the defendants in error had appeared to the writ before indicating their purpose to demand a dismissal for failure to give written notice thereof, the decisions cited might have some force in guiding our action. But the defendants in the

case at bar served a copy of their motion to dismiss before they served their brief, and in the brief insisted on that motion as a vital part of their case.

In these circumstances we hold that the motion to dismiss was properly sustained, and we overrule the application to set aside that order, all the judges of this division concurring.