GUY, *Plaintiff in Error*, v. MAYES, *Executor*.

Division One, November 23, 1897.

1. **Writ of Error:** FAILURE TO GIVE NOTICE: APPEARANCE TO MERITS: WAIVER. A failure to serve notice by plaintiff in error that he has sued out a writ of error, twenty days before the return day thereof, is fatal to his standing in the Supreme Court, unless some good cause for the omission is shown, and the filing of a brief on the merits by the defendant in error is not a waiver of his right to such notice.

*Error to Pike Circuit Court.*—HON. R. F. ROY, Judge.

*On motion to dismiss writ of error.*

DISMISSED.

*J. D. Hostetter, Clark & Dempsey* and *W. H. Morrow* for defendant in error.

The notice that parties suing out a writ of error are required to serve on the adverse party or his attorney of record, was not given in this case; in fact no notice of any kind has been given; the writ in this case was returnable to April term, 1896, of this court, and was in fact returned February 15, 1896. Therefore this writ should be dismissed. R. S. 1889, sec. 2290; *Macklin v. Allenberg,* 100 Mo. 337; *Williams v. Beck,* 63 Mo. App. 149; *Davenport v. City of Hannibal,* 110 Mo. 574.

*Elijah Robinson* and *Fagg & Ball* for plaintiff in error.

BARCLAY, P. J.—This case originated in the probate court of Pike county. Plaintiff is the widow of Nimrod

Guy, deceased. Her demand is against his estate, which is in charge of the defendant as executor. Her claim is based on a note of the following tenor, viz.:

"$10,000.                          October 14th, 1892.

"One day after date I promise to pay to the order of my wife, Russie E. Guy, ten thousand dollars, for value received, negotiable and payable, without defalcation or discount and with interest from —— at the rate of —— per cent per annum, and if interest be not paid annually to become as principal and bear the same rate of interest.

"This is to be paid at my death.

"NIMROD GUY."

No formal pleadings are in the record. The note itself was duly filed for allowance. The executor contested the demand. The probate court gave judgment for the defendant. Plaintiff appealed to the circuit court where a new trial by jury was had on the merits, followed by a verdict and judgment for defendant. Plaintiff's motion for new trial was overruled January 11, 1895, at an adjourned session of the November term (1894) of the Pike circuit court. At the same term plaintiff obtained leave to file a bill of exceptions on or before March 1, 1895. Before that date an extension of time to April 1, 1895, was regularly obtained. No bill was presented within the extended time. Afterward some of the attorneys of record for the defendant signed a stipulation that the bill might be signed and filed as of April 1, 1895. The bill was accordingly signed by the judge, and was then marked by the clerk, "Filed this 1st day of April, A. D. 1895, W. P. Moore, clerk."

In addition to these facts it appears affirmatively by the record that on the first day of April, 1895, the circuit court was in vacation.

The case is before this division of the Supreme

Court upon a writ of error issued January 24, 1896, returnable to the April term (1896). No written notice of the writ of error has been given, and counsel for the defendant in error (along with their brief on the merits) make the point that the writ should be dismissed because of the want of notice.

Without taking up any other objection to a full review at this time, it is enough to say that the omission to serve a notice of the writ of error, as required by section 2290, Revised Statutes 1889, is fatal to plaintiff's standing here, no good cause being stated for the failure to give the notice. The filing of a brief on the merits (accompanying the objection just mentioned) does not amount to a waiver of the right to insist on that objection. *Kenner v. Doe Run Lead Co.* (1897) 141 Mo. 248 (42 S. W. Rep. 683).

While to all parties concerned it may not be satisfactory to have an important case disposed of on a purely technical ground, we feel it our duty to enforce the existing law governing the practice on this subject when it is duly invoked. We therefore direct that the pending writ of error be dismissed at the costs of the plaintiff in error. MACFARLANE, ROBINSON and BRACE, JJ., concur.