M'cCOLLISTER, Respondent, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, March 3, 1908.**

1. **APPELLATE PRACTICE: Perfecting Appeal: Time for Filing Transcript.** Where an appeal was allowed on July 26, 1905, and bill of exceptions filed on December 23, 1905, the appeal was returnable to the October term, 1905, and certainly not later than the March term, 1906. Where in such case a short transcript was filed for the October term 1906, the case was properly affirmed on motion.

2. ———: ———: ———: **Waiver.** The respondent in such case did not waive his right to have the judgment affirmed on motion by waiting to file his motion until after briefs were filed by appellant.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*L. F. Parker, W. F. Evans* and *James Orchard* for appellant.

*E. R. Lentz* for respondent.

(1) The statute (R. S. 1899, sec. 813.) is mandatory and is without exception or excuse. This duty to file transcript is a personal duty imposed upon the appellant by law, and if he fails to do so he must suffer the consequences. Ziefle v. Seid, 137 Mo. 538; Caldwell v. Hawkins, 46 Mo. 263; Dean v. Jones, 27 Mo. App. 468; McCaffery v. Railroad, 31 Mo. App. 348; Barnes v. Wynn, 31 Mo. App. 486. (2) Respondent does not

waive his right to insist on an affirmance by delaying to file the motion until the hearing is near at hand, nor even by filing a brief on its merits. Kenner v. Doe Run Lead Co., 141 Mo. 250; Guy v. Mays, 141 Mo. 442.

PER CURIAM—This action was instituted in the circuit court of Butler county September, 1904, to recover damages for an injury to plaintiff and injuries to his horse, wagon and harness. The evidence shows plaintiff, a companion by the name of James Frazier and another companion, were driving along Ash street in the city of Poplar Bluff, on August 20, 1904. The team belonged to plaintiff but Frazier was driving. It seems the parties in the wagon lived in the country and were on their way home. Ash street is crossed by the line of defendant's railroad. As the plaintiff approached the crossing a train was on the track at that point and was switching. Plaintiff drove as near the track as he could and waited for the train to move on. The engine and some of the cars pulled away from the crossing and plaintiff started to drive over. When he got on the crossing the part of the train attached to the engine stopped suddenly, reversed its direction and ran back rapidly toward the crossing, threatening a collision with the wagon. In order to avoid a collision the driver swung the team to the right and backward so that it would clear the track. There was a culvert just at the sidewalk on Ash street. When the team and wagon were swung around to avoid the train, the wagon went into the culvert and Frazier, who was driving, and the plaintiff were injured; also one of the horses and the wagon and harness. The negligence charged is that after the train had moved forward and toward the crossing at Ash street and plaintiff was in the act of driving over the crossing, and while he was in full view of the engineer and fireman, said parties, seeing plaintiff's perilous position, but without giving any

warning by whistle or bell, backed rapidly along the track and so negligently and carelessly handled the locomotive and train as to afford plaintiff no opportunity to get over the track, and forced him, in order to avoid a collision, to swing his team and wagon to the right and the north side of the street, with the result that it was overturned into the ditch. The answer was a general denial and an allegation that plaintiff contributed to his own injury by reckless and negligent conduct in trying to drive across the track while the cars were being switched. A brakeman who was throwing the switch at the time the accident happened, testified he shouted to plaintiff and his companion to look out as the slack of the train was liable to catch them. This was denied by witnesses for plaintiff. There was a verdict for $150 and defendant appealed. Such are the facts in this case as we have gleaned them from the record, which we had read before observing that plaintiff's brief insists the state of the record will not permit the appeal to be reviewed on the merits. A study of this contention has convinced us that under the authority of a decision by the Supreme Court it must be sustained; which we are the less reluctant to do because we are convinced an examination of the merits would lead to an affirmance of the judgment. The judgment in the cause was rendered July 19, 1905, and the appeal allowed defendant on July 26th. The bill of exceptions was filed in the office of the clerk of the circuit court on December 23, 1905, and hence the appeal was returnable not later than the March term, 1906. In fact it was returnable to the October term, 1905; but even if some indulgence is to be allowed defendant on account of the time given for filing its bill of exceptions, the March term, 1906, was the latest at which, on any theory, it was the duty of defendant to complete its appeal; that is, to file either a certified copy of the judgment and copy of the order granting the appeal, or a full transcript of the record.

Neither a long nor a short transcript was filed by the October or the March term. Instead of filing a transcript the defendant, on March 6, 1906, sued out a writ of error from this court with the appeal still pending, and on September 15, 1906, a short transcript was filed for the October term, 1906, to which the writ of error was returnable. Inasmuch as the appeal was pending when the writ of error was sued out, said writ was quashed and then defendant resorted again to its appeal to have its assignments of error reviewed. With the case in this condition, plaintiff filed a motion, December 11, 1907, to have the judgment affirmed for failure of defendant to perfect its appeal in the manner required by the statutes. [R. S. 1899, sec. 813.] This motion was accompanied by a certified copy of the judgment and order allowing the appeal. Under facts not materially different the Supreme Court held in Ziefle v. Seid, 137 Mo. 538, 38 S. W. 963, that good cause against affirmance of the judgment for failure to perfect the appeal in time, had not been shown. It was also held the defendant did not waive the right to have the judgment affirmed, by waiting to move until after the case was set for hearing and after the appealing party had gone to the expense of printing abstracts and briefs and filing them. It was said the delay in moving for the affirmance would not cure the delay of the appellant in complying with the statute; that mere lapse of time would not do this. It is contended for defendant in the present case that the outstanding writ of error operated as a suspension of the appeal for the time being, and relieved the defendant of the duty to file its transcript by the March term, 1906. The writ of error was improvidently taken, as the appeal was pending at the time. But it is to be remarked that at the date it was issued defendant was in arrears in respect of perfecting its appeal. The appeal should have been perfected by the October term, 1905; or, at the very latest by the

March term, 1906, and it was at the March term, 1906, and while defendant was thus in default, that the writ of error was applied for and granted.

The judgment is affirmed.