GAAR-SCOTT & COMPANY, Appellant, v. JOHN H. NELSON et al., Respondents.

St. Louis Court of Appeals. Submitted on Briefs May 6, 1912. Opinion filed June 4, 1912.

1. APPELLATE PRACTICE: Failure to File Transcript in Time: Waiver of Right to Affirmance. Although the appellant fails to file a manuscript or a "short" record in the appellate court at least fifteen days before the first day of the term to which the appeal is returnable, as required by section 2047, Revised Statutes 1909, yet if the respondent does not produce in such court a certificate of the clerk of the trial court, stating the title of the cause, the date and amount of the judgment appealed from and against whom rendered, the name of the appellant and the time when the appeal was granted, as a basis for a motion to affirm the judgment, in accordance with the provisions of said section, he is not entitled to invoke it.

2. ———: ———: ———: Laches. And, in such a case, where the respondent does not move for an affirmance until after the appellant has filed a "short record" and has gone to the expense of preparing and printing the record and a brief, his laches will bar the invocation of the statute to the end of having an affirmance of the judgment.

3. ———: Failure to File Abstracts and Briefs in Time: Enforcing Rules: Discretion of Court. Rule 21 of the St. Louis Court of Appeals, which provides that the failure of appellant to file abstracts and briefs within the time required shall result in a continuance or a dismissal of the appeal, at the option of respondent, is subject to enforcement or not, in the discretion of the court; it being the practice of appellate courts, in exercising their discretion in the matter of enforcing their rules, to endeavor to do justice and to prevent a miscarriage of justice which might follow from insistence upon the strict requirements of the rules.

4. ———: ———: ———. In a case where the appellant failed to file abstracts and briefs within the time required by Rules 12 and 18 of the St. Louis Court of Appeals, held, that the court would, under the circumstances of the case, exercise its discretion by refusing to enforce Rule 21, providing that the failure to file abstracts and briefs shall result in a continuance or a dismissal of the appeal, at the option of the respondent.

5. **COURTS: "Discretion:" Definition.** The definition, that "discretion is a liberty or privilege allowed to a judge, within the confines of right and justice, but independent of narrow and unbending rules of positive law, to decide and act in accordance with what is fair, equitable and wholesome, as determined upon the peculiar circumstances of the case and as discerned by his personal wisdom and experience, guided by the spirit, principles, and analogies of the law" is possibly too broad, since discretion must always be exercised under the law.

6. **EVIDENCE: Written Contract: Varying Terms: Parol Evidence: Principal and Agent.** Where a contract for the purchase of threshing machinery provided that no person, unless authorized in writing from the seller's home office by an officer thereof, had any authority to add to, abridge, or change the warranty contained in the contract, parol evidence was inadmissible to show that the seller's local agent, not so authorized, had waived provisions in the warranty requiring immediate notice to the seller of any breach thereof.

7. **SALES: Breach of Warranty: Condition Precedent.** A provision of a contract for the sale of threshing machinery, to the effect that the buyer should give notice to the seller by registered mail at its home office and to its local agent of any deficiency on which a breach of warranty was claimed, within six days after the machinery was put in use, was a condition precedent to the buyer's right to claim a breach of warranty, and was not performed by mere notice to the local agent.

8. ————: ————: Estoppel. A buyer of threshing machinery, under a warranty requiring him to give notice of defects to the seller by registered mail at its home office and to its local agent, within six days after the machinery was put in use, who failed to give such notice, except to the local agent, and who kept and used the machinery through two or more seasons, was estopped to refuse payment for it on the ground of a breach of warranty.

9. **PRINCIPAL AND AGENT: Unauthorized Admissions of Agent: Evidence: Appellate Practice: Abstract: Omission of Immaterial Matter.** Where a contract for the sale of threshing machinery provided for notice of any defects warranted against to be given by registered mail to the selling company direct, and the local selling agent had no authority to make any representations or waiver with respect to the machinery, correspondence between such agent and the buyers had no bearing on the issue of notice of such defects to the seller, and hence its omission from the abstract of the record was immaterial.

10. **Sales: Breach of Warranty: Estoppel.** A buyer of threshing machinery, who kept and used the machinery through two or more seasons, by writing to the seller in such a way as to con-

vey the idea that he had accepted it and by negotiating for an extension of time for payment for it, estopped himself from claiming failure of consideration by reason of a breach of warranty of the condition of the machinery, in an action by the seller to replevy it on his failure to pay the purchase price.

11. **APPELLATE PRACTICE: Omissions in Abstract: Failure to File Counter Abstract: Presumptions.** Where respondent does not file an additional abstract, as authorized by section 2048, Revised Statutes 1909, it will be assumed that omissions in appellant's abstract relate to immaterial matters.

12. **EVIDENCE: Parol Evidence: Varying or Contradicting Written Contract.** In the absence of fraud, misrepresentation or mistake, parol evidence is not admissible to contradict, vary or enlarge a written contract.

Appeal from Lewis Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

REVERSED AND REMANDED.

*O. C. Clay* and *A. F. Haney* for appellant.

Where the contract or order for the sale of machinery contains a written warranty providing that, if the article sold fails, within a specified time after beginning to use it, to comply with the warranty, the purchaser shall give a certain specified written notice thereof to the company at its home office, and that, if the company should afterwards fail to remedy the defect, the purchaser shall return the article to the company at a specified place and give notice of its return to the company at its home office, it is held that these are conditions precedent which must be performed by the purchaser in order to entitle him to set up the defective condition of the property sold to him, as a defense in an action brought against him by the company. Nichols-Shepard & Co. v. Larkin, 79 Mo. 264; Bank v. Westlake, 21 Mo. App. 565; Deere, Mansur & Co. v. Hucht, 27 Mo. App. 1; Weise v. Birdsall Co., 35 Mo. App. 229; Boyer v. Neel, 50 Mo. App. 26; Kingsland v. Board, 60 Mo. App. 662; Kingman &

Co. v. Schulenberger, 64 Mo. App. 548; Nichols-Shepard v. Rhoadman, 112 Mo. App. 299; Bank v. Barts, 130 Mo. App. 635.

*Marchand & Rouse, Hilbert & Henderson* and *E. R. McKee* for respondents.

(1) Appellant failed to file transcript or certified copy of judgment and order granting appeal, in this court, before the return term, for which reason respondent contends appeal should be dismissed. Rule No. 16; Rule No. 21; Appleby v. Brock, 76 Mo. 315; Johnson v. Long, 72 Mo. 210; Walter v. Warner, 26 Mo. 143; Ziefle v. Seid, 137 Mo. 538; McCollister v. Railroad, 129 Mo. App. 324; McCaffery v. Railroad, 31 Mo. App. 340; Long v. Hawkins, 178 Mo. 103; Lucas v. Heuston, 168 Mo. 658; Land and Inv. Co. v. Martin, 125 Mo. 114; Grundmeyer v. Placit, 68 Mo. App. 228. (2) Appellant has failed to set forth in its abstract as much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision, nor so much as is necessary to be considered in the disposition of the errors assigned, for which reason respondent contends the appeal should be dismissed. Rule 15; Rule 21; Appleby v. Brock, 76 Mo. 319; Johnson v. Long, 72 Mo. 216; Walther v. Warner, 26 Mo. 143. (3) The judgment in the trial court was for the right party. (4) Respondent had a right to affirm sale and keep the property and interpose defense of breach of warranty. Miles v. Withers, 76 Mo. AApp. 87; Williams v. Baker, 100 Mo. App. 284; Steel & Wire Co. v. Symons, 110 Mo. App. 41; Nichols & Shepard Co. v. Bryeans, 116 Mo. App. 693. (5) Appellant waived its rights to rely on failure of respondents to notify it of failure of machinery to fill warranty if notice was originally required. Machine Co. v. Gardner, 140 S. W. 318; Palmer v. Reeves & Co., 139 Mo. App.

437; Nichols & Shepard Co. v. Bryeans, 116 Mo. App. 693; Miles v. Withers, 76 Mo. App. 87; Williams v. Baker, 100 Mo. App. 284; Steel & Wire Co. v. Symons, 110 Mo. App. 41. (6) Respondent had the right to plead counterclaim or setoff in this action. Harvesting Co. v. Hill, 104 Mo. App. 544; Howard v. Hass, 131 Mo. App. 507; Small v. Speece, 131 Mo. App. 517.

STATEMENT.—This is an action in replevin wherein plaintiff, a corporation, seeks to recover possession of a certain traction engine, a separator, a stacker, a feeder and other farm machinery connected with the threshing of grain.

The answer, after a general denial of the indebtedness, sets up the transaction referred to, as one by which plaintiff, through its agent, sold the property to defendants. Setting up two chattel mortgages and the notes which defendants had executed to plaintiff to secure the payment of the purchase price of the machinery, it is alleged that the machinery was sold by plaintiff for the purpose of threshing wheat and other small grain but that on account of defects in the construction or material used the separator failed to do the amount or quality of work a machine of that kind should do and which plaintiff had represented to defendants that it would do, and that it was worthless for the purpose for which it was sold to defendants. It is further averred that upon discovering this defendants immediately notified plaintiff, through its agent, that the machine would not work properly; that plaintiff through that agent sent two men at different times to put the machinery in order; that these men did nothing which improved its condition, of which fact it is averred that plaintiff, through that agent, was informed and that plaintiff had thereupon assured defendants that the machinery should be put in first class shape and that relying on these assurances, defendants continued to thresh with it during the sea-

son of 1904, and that being informed again by defendants of the defective condition of the machinery plaintiff, through the agent named, urged them to keep the machinery and continue making payments on it and that plaintiff would put it in shape to do first class work in 1905; that plaintiff again sent a man to fix the machinery who did some work on it and assured defendants that it was in shape to do proper work, and defendants, relying upon these statements, again began threshing with the machinery in the season of 1905; but found the machinery inefficient, of which they again informed plaintiff through the agent named. Whereupon it is averred that plaintiff refused to do anything further in connection with the machinery and demanded payment in full of the unpaid notes or of the unpaid balance due. It is further set out in the answer that defendants had paid plaintiff $500 for the machinery more than it was worth when delivered to them and defendants prayed judgment for the return of the property and for the recovery of $500 excess paid.

The reply, after denying certain matters set up and admitting that the property was of the value of $600, as averred, sets up the written contracts under which the machinery was sold to defendants by plaintiff, particularly the warranty contained in those contracts, and the failure of defendants to comply with the conditions precedent attached to the warranty, by failing to give plaintiff the notice required by the provisions of the warranty and by failing to return to plaintiff the alleged defective machinery and failure to give written notice of the return to plaintiff as required by the terms of the warranty and contract when it should appear that any part of the machinery did not fill the requirements of the warranty. Denying the breach of the warranty, the reply also pleads these matters of failure on part of the defendants as waiver and by way of estoppel.

It appears by the testimony in the case that plaintiff, through one John M. Brant, its soliciting agent, procured a written order from defendants addressed to plaintiff, whose home office is in Richmond, Indiana, for a separator and its appurtenances, these to be loaded on the cars at Richmond, Indiana, on or about May 1, 1904, and shipped to Brant, consignee, at La Grange, Missouri, defendants by the terms of this order agreeing to receive this machinery on its arrival, subject to all the conditions of the warranty printed therein, paying therefor $710, as evidenced by promissory notes and also to give a chattel mortgage on the machinery as a first lien on it to secure the payment of the notes. On that same day, this same agent, Brant, secured from defendants a contract and order for a traction engine, to be shipped by plaintiff on or about November 4th to Brant, as consignee, at La Grange, Missouri, defendants agreeing to receive this engine on its arrival subject to all the conditions of the warranty embodied in the contract order and to pay $1200 for it, $200 in cash, the rest in certain notes and in some secondhand machinery taken at an agreed valuation. Separate orders were also taken by the same agent on the same day for the stacker and a feeder. The provisions of the contracts and warranty therein were alike in all these contract orders. Summarized they are that plaintiff was to ship these several pieces of machinery on cars at Richmond, Indiana, on or about the first of May, 1907, consigned to John M. Brant at La Grange, Missouri, who was the local sales agent of plaintiff, in consideration whereof defendants agreed to receive the machinery on its arrival, "subject to all the conditions of the warranty printed below, pay freight and charges thereon from Richmond, Indiana," and to pay the notes mentioned and secure their payment by chattel mortgages on the machinery. The warranty, in substance, attached to these several contracts commenced

this way: "Caution. No person, unless authorized in writing from the home office at Richmond, Indiana, by an officer of Gaar-Scott & Company, has any authority to add to, abridge or change this warranty in any manner, and to do so will render it void and of noneffect." Then follow eight specifications under this warranty, substantially as follows: By the first it was agreed by the parties that the contract is divisible and that each article ordered is ordered and sold at a separate price, it being set out how these prices are to be ascertained, "and that said articles are sold subject to the following express warranty and none other, which said warranty is hereby made to apply separately to each machine or attachment herein ordered."

By the second it is provided that each of the articles of machinery, except the belting furnished on the order, is warranted to be made of good materials, well constructed and with proper use and management to do as good work as any other of the same size and rated capacity made for the same purpose. "If, inside of six days from the day of its first use, any of the said articles of machinery should fail in any way to fill this warranty, written notice (by registered letter) shall be given immediately by the purchaser to Gaar, Scott & Company at their home office Richmond, Indiana, and written notice (by registered letter) also to the local agent through whom the same was received, stating particularly what parts and wherein it failed to fill the warranty, and a reasonable time allowed to the company to get to the machinery with skilled workmen and remedy the defect if any there be (if they be of such nature that the remedy cannot be suggested by letter), the purchaser to render all necessary and friendly assistance and cooperation in making the machinery a practical success. If any part of the machinery cannot be made to fill the warranty, that part which fails shall be im-

mediately returned by the undersigned to the place
where it was received, and written notice of said re-
turn given to the company at its home office, with the
option in the company either to furnish another ma-
chine or parts in place of the machine or parts so re-
turned or return the money and notes which shall have
been given for the same." This clause also provides
in detail for the handling of the notes in case the ma-
chinery has been settled for in one series of notes. It
is not necessary to consider it.

The third provision is as to the belting, and is not
here material.

By the fourth it is expressly agreed that the plain-
tiff company shall be liable only for the return of cash
or notes payable to its order actually received by it
and not for any machinery or other property taken
thereon as part payment.

The fifth provides that any modification of price
or terms of payment shall not in any way affect the
warranty and its conditions.

The sixth provides that all warranties are to be
invalid and void if the machinery is not settled for
when delivered.

The seventh provides that title to the goods shall
not pass until settlement is concluded and accepted
by plaintiff.

The eighth provides that it is mutually under-
stood that "use of said machinery, after the expira-
tion of the time named in the above warranty, shall
be conclusive evidence of the fulfillment of the war-
ranty and full satisfaction to the undersigned, who
agree thereafter to make no other claim on Gaar, Scott
& Company; . . . neither shall the fact of any
local or traveling agent or expert of this company
rendering assistance of any nature after the above
warranty has been concluded, operate as an extension
of the conditions thereof."

This, in the form of a proposal by defendants to plaintiff, is signed by defendants, it being stated above their signatures that they had read the warranty and are acquainted with its contents and accept it. Below these signatures of defendants is the signed acceptance by plaintiff.

It appears by the uncontradicted evidence in the case, and without controversy, that the only notice of the failure of the separator, which seems to be the only part of the machinery of which complaint is made, which was ever given by defendants was by letter and telephone, possibly by telegraph, to this agent Brant, who as clearly appears was a sales agent for plaintiff. There was no affirmative testimony that he had any authority to make any waivers or execute any contracts outside of the original contract and warranty. The men who were sent to make repairs from time to time were sent by him and were his employees and there is no evidence that plaintiff knew of the fact that they had been sent to do this work.

Brant, the local agent, examined as a witness, specifically disclaimed having any power from plaintiff to make repairs. Nor are there any facts or circumstances in evidence as to his course of dealing, which would authorize the jury to either find that he had any such power, or that plaintiff had ratified his acts in sending men to attempt to adjust the separator. There is no evidence whatever in the case of defendants having either within six days from the first use of the machinery, or at any time, either by registered letter or by any other written notice, notified plaintiff at its office in Richmond, Indiana, of any failure or defect whatever in the separator or any other of the machinery. Nor is there any evidence whatever of any tender back of the machinery or any part of it by defendants to plaintiff at any place whatever either at the place where received by defendants or at the home office of plaintiff. The nearest approach to any

written communication from defendants to plaintiff by letter or otherwise as to defects, is a letter addressed by one of the defendants to plaintiff at Richmond, Indiana, of date November 4, 1905. That letter opens as follows: "Yours of October 31, just received. Last year your rig or we were a failure and we did not do much threshing." This is the only reference in it to any defect or failure in the machinery, and was written over a year after the receipt of the machinery. The rest of the letter asks for an extension of time on the notes which were outstanding. It appears that letters were offered and read in evidence between defendants and Brant. They are not in the abstract and not before us. But there was no pretense of evidence that plaintiff saw or knew of these letters or their contents. The machinery was in use by defendants from the time of its receipt in May, 1904, until replevied in this action in February, 1906.

At the conclusion of the testimony in the case plaintiff asked an instruction to the effect that plaintiff is entitled to recover the possession of the specific property claimed in the petition, describing it, and to recover damages for the detention thereof in such sum as the jury may find it has sustained, not exceeding the sum of $100, the amount claimed in plaintiff's petition, and the jury were instructed to so find. The instruction also embraced the form for a verdict, following the statutory requirement of a verdict in such actions when one is returned in favor of plaintiff. This was refused and exception duly saved by plaintiff. Instructions appear to have been asked by defendants, some of them given, others refused, but none of these instructions are set out in the abstract. The jury returned a verdict in favor of defendants, finding that they were entitled to the return of the property which had been taken from them, plaintiff having given bond, and found the value of the property to be $600. Judgment followed, adjudging

that defendants have and recover the property described "and that the value on the same is $600 found to be due defendants by the jury aforesaid together with costs of this suit herein laid out and expended and that execution issue therefor." A motion for a new trial was filed within due time by plaintiff and that being overruled exception was saved and appeal duly prosecuted to this court by plaintiff.

The judgment was rendered in the circuit court on the 2nd day of April, 1910, at the March term of that court. The motion for the new trial and also one in arrest were filed at that term and overruled and at that same term and on that same date application was made by plaintiff for an appeal, affidavit was duly filed praying for an appeal and on that day an appeal was granted to plaintiff to the St. Louis Court of Appeals, with leave to file the bill of exceptions during September, 1910, term of the court, plaintiff filing bond which was duly approved. The time for filing bill of exceptions was extended by the court on various dates and to various times until finally on the 25th of March, 1912, the bill of exceptions which had been tendered, was duly filed and entered of record in the circuit court. A transcript of the judgment rendered and of the order allowing the appeal was filed in this court by plaintiff on the 3d day of October, 1910, that being the first day of the October term of our court for that year. The cause was first set on the docket of our court for hearing on January 10, 1912, that being in the October term of the court. On January 9, 1912, appellant filed a motion for continuance of the cause. When the cause was reached on the call of the docket for January 10th, the motion for continuance theretofore filed by appellant was sustained and the cause continued to the March, 1912, term. The day after, that is January 11th, respondents filed a motion to dismiss the appeal for failure to file the abstract and briefs. That motion was over-

ruled, the cause having been continued. On April 27, 1912, respondents filed a motion to affirm the judgment for failure to file abstract and briefs within the time required by our rules. On the 30th of April, 1912, counsel for appellant filed an abstract of the record and briefs, and on the 6th of May those counsel filed an answer to respondents' motion to affirm the judgment, accompanied by affidavits in support of their answer. The court, having considered these several papers, overruled the motion to affirm. On the same day appellant submitted the cause on abstract and printed brief, respondents being allowed fifteen days in which to file a brief in answer to the brief of appellant, five days thereafter being allowed to appellant to file a reply brief. On May 27, respondents filed their answering brief and on May 28th, appellant filed its reply brief.

REYNOLDS, P. J. (after stating the facts).—The principal part of this answering brief of respondents' counsel is devoted to an attack upon the appeal and abstract. It is insisted in this part of the brief that we should dismiss or affirm for failure of appellant to file the transcript of the cause at the first term following the appeal, that transcript not having been filed until October 3rd, that being the first day of the October, 1910, term of our court. The appeal having been taken on the 4th of April, 1910, during the March term of the circuit court, and more than sixty days prior to our October term, the transcript was due to be filed under the provisions of sections 2047 and 2048, Revised Statutes 1909, to the October, 1910, term of our court, and should have been filed at least fifteen days prior to the beginning of that term. As will be seen by the statement which we have made of the facts attendant upon that, it was not filed fifteen days before that term but filed on the first day of the term. It is provided by section 2047, of the Revised

Statutes above cited, that "All appeals taken sixty days before the first day of the next term" of the appellate court "shall be returnable to such next term." It is also there provided that if the appellant fails to file either a full transcript or in lieu thereof a certified copy of the record entry of the judgment, etc., the respondent "shall produce in court the certificate of the clerk of the court in which such appeal was granted, stating therein the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party in whose favor the appeal was granted and the time when the appeal was granted, such certificate shall be prima facie evidence of the matters therein stated, and shall be a sufficient basis for a motion in the appellate court to affirm the judgment so appealed from, and the court shall affirm the judgment, unless good cause to the contrary be shown." The respondents in this case have not complied with this provision of the statute. They are not entitled to invoke it, nor are they entitled to invoke the rule of our court made to conform to this law. So it was decided by our court in Banse v. Tate, 62 Mo. App. 150, a cause which is referred to approvingly by our Supreme Court in Ziefle v. Sied, 137 Mo. 538, 1. c. 543, 38 S. W. 963. The statute was also so construed by the Kansas City Court of Appeals in Bombeck v. Bombeck, 18 Mo. App. 26. Over and above this, it is decided in these cases, particularly in Bombeck v. Bombeck, and in Ziefle v. Seid, that where respondent had lain by and suffered the appellant to go on with the appeal as if no such point was to be insisted upon, and had put the appellant to the cost and expense of preparing his full transcript and argument and brief, printing and filing them, that respondent will not be heard to invoke the statute, his laches having led his adversary into an expense which could have been avoided if objection had been made in apt time. It is true that the rules of our court, as do

those of the Supreme Court, provide as a penalty for
failure to comply with the rules with respect to filing
abstracts and briefs, that the cause shall be continued
or the appeal may be dismissed at the option of re-
spondent, but these rules are not so unalterable as to
be beyond the exercise of discretion, which every court
is often called upon to exercise—meaning always a
wise and not merely arbitrary use of power, but dis-
cretion in its true meaning, which Black, in his Law
Dictionary (2 Ed.), page 375, defines to be: "A lib-
erty or privilege allowed to a judge, within the con-
fines of right and justice, but independent of narrow
and unbending rules of positive law, to decide and act
in accordance with what is fair, equitable and whole-
some, as determined upon the peculiar circumstances
of the case, and as discerned by his personal wisdom
and experience, guided by the spirit, principles, and
analogies of the law." Possibly this is too broad,
for it always to be understood that discretion must be
exercised under the law. This court and the Supreme
Court have always exercised their discretion in the
enforcement of rules, in an endeavor to do justice, and
to prevent miscarriage of justice which might follow
by insistence upon the strict requirements of rules of
practice. We hold that the case is properly before us
by appeal.

Turning to the merits of the case, the principal
grounds stated in the motion for new trial and now
assigned here are to the error of the court in not sus-
taining plaintiff's demurrer or, more properly, in re-
fusing to give plaintiff's peremptory instruction which
we have set out. Error is also assigned to the admis-
sion and exclusion of testimony. We hold that these
assignments are well made.

No parol evidence should have been admitted to
explain or vary the terms of the warranty and of the
contract accompanying it. Evidence of Mr. Brant in

connection with the transaction in an attempt to show
waiver by him should not have been admitted.  Be-
·fore defendants could invoke the warranty they should
have shown compliance upon their part with the con-
ditions, which are conditions precedent to be perform-
ed by defendants before any liability whatever at-
tached to plaintiff.   The performance of those con-
ditions was essential to a defense against the contract,
which depended upon the alleged breach of the war-
ranty.   [Nichols, Shepherd & Co. v. Larkin, 79 Mo.
264; Kingman & Co. v. Schulenberger, 64 Mo. App.
548; Nichols-Shepherd Co. v. Rhoadman, 112 Mo. App.
299, 87 S. W. 62; Jasper County Bank v. Barts, 130
Mo. App. 635, 109 S. W. 1057.]   In the case at bar
these defendants stipulated in writing and above their
signatures, that they should give both the agent and
the principal notice in writing by registered letter of
the alleged defects in the machinery.   The terms of
the contract and warranty expressly bring home to de-
fendants in this case notice that the principal in the
contract is unwilling to be bound by notice to any
agent local or otherwise, so that the provision for no-
tice to the plaintiff having designated the place, that
is its home office, and within a specified time, that is
six days after the receipt of the machinery, is an ex-
press provision of the contract which in the case at
bar has not been complied with in any respect, save
that notice seems to have been given to the agent but
none whatever either by registered letter or other-
wise to the principal.   The substitution of notice to
the agent without the consent of the principal was not
in any respect whatever within the terms of the con-
tract.   [See cases above cited.]   It is in evidence in
the case at bar that these defendants not only did not
avail themselves of the provisions and did not comply
with the terms of the contract which they had deliber-
ately entered into, but the correspondence as far as
introduced in evidence, or as offered, so far from re-

pudiating the machinery or turning it back or drawing out of the bargain for any cause, distinctly recog-. nizes the existence of the contract, the receipt of the machinery and asks for an extension of time for the payment of it. The defendant kept and used all this machinery through two or more seasons. These are estoppels against defendants from now refusing to pay for the machinery. [Nichols-Shepherd Co. v. Rhoadman, supra.]

It is said, however, that all of the letters between plaintiff's agent and defendants which were introduced in evidence and the notes which were offered and introduced in evidence, as well as instructions which were asked on the part of defendants and given by the court, are not before us in the abstract and that therefore we cannot pass upon this phase of the case. Referring to the letters that were said to have been offered and are not in the abstract, it is sufficient to say of them that no matter what may have been in them, it affirmatively appears that this agent with whom this correspondence was carried on had no authority whatever from the principals to make any representations or waiver with respect to this machinery, so that what he said or wrote or what these defendants wrote or telegraphed to him was immaterial to the consideration of the case. The letters between plaintiff and these defendants are in evidence, and as before remarked, on the authority of Nichols-Shepherd Co. v. Rhoadman, supra, inasmuch as these letters distinctly carry out the idea of acceptance of the property by defendants and are negotiations for an extension of time of the payment, they estop defendants from now claiming a failure of consideration.

We are unable to say what instructions were asked and given or refused on the part of defendants, as neither party has brought them before us. We assume that if they are material to the decision of this case or would throw a different light upon it, that

respondents, by supplemental abstract, prepared as provided by our rules and as required by section 2048, Revised Statutes 1909, would have brought them up. That section expressly provides that respondent or defendant in error, if dissatisfied with the abstract of appellant, may file an additional or supplemental abstract necessary to cure the defects in the abstract filed by the appellant or plaintiff in error. In the absence of such additional abstract we must assume that these omissions from the abstract of appellant are immaterial and relate to immaterial matters.

On consideration of the whole case and on the evidence that was in the case at this trial and as presented by the abstract, the instruction asked by appellant, plaintiff below, should have been given. That being given, no other instructions were necessary. The trial should have been conducted with reference to the admission and exclusion of evidence on the lines herein indicated, that is to say, parol evidence cannot be introduced in the absence of charges of fraud, misrepresentation or mistake to contradict, vary or enlarge a written contract. The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.