# MARCH, 1927.

C. E. ROBERTS, DEFENDANT IN ERROR, v. FRANCIS J. MEEK, ET AL., PLAINTIFFS IN ERROR.*

Kansas City Court of Appeals. May 9, 1927.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 4, p. 300, n. 21; section 814, p. 916, n. 9; section 1296, p. 1208, n. 12; 4CJ, section 2609, p. 701, n. 49; section 2635, p. 720, n. 50; Appearances, 4CJ, section 3, p. 1316, n. 22; section 35, p. 1345, n. 71; Courts, 15CJ, section 164, p. 844, n. 18.

*Elton J. Marshall* and *J. D. Allen* for defendant in error.

*Roger S. Miller* and *Scott J. Miller* for plaintiff in error.

WILLIAMS, C.—At the threshold of this case we are met with a motion to dismiss.

The grounds assigned in the motion are: that the notice of the writ of error was not served twenty days before the return day.

The facts on this branch of the case are:

The writ commanded that the record be before the Kansas City Court of Appeals "on the first Monday in March next." The writ was issued on the 13th day of November, 1925. The first Monday in March next was March 1, 1926, being the first day of the March term, 1926.

Plaintiff in error procured service of the notice of the writ on the 9th day of February, 1926.

The stipulation for a continuance signed by the attorney of record was filed in this court on February 25, 1926. There is no evidence as to when the stipulation was signed by the attorneys.

The plaintiff in error attempts to avoid the motion to dismiss in two ways:

First; it is contended that as this case was set on the docket of this court for March 2nd, twenty days elapsed between the time of serving of the notice and the hearing of the case.

Second; plaintiff in error contends, even if wrong in his first proposition, that the stipulation filed on the 25th day of February, 1926, is an entry of appearance and for that reason the motion to dismiss is not well taken.

We will discuss these questions in their order.

Section 1502, Revised Statutes 1919, provides: "Every person suing out a writ of error shall cause notice thereof in writing to be served on the adverse party or his attorney of record, twenty days before the return day of such writ. If such notice be not served, the writ shall be dismissed, unless good cause for such failure be shown."

The question resolves itself into: what is meant by the words, "return day" as used in the section 1502 of the statute just quoted?

Plaintiff in error contends that the words "return day" mean the date on which the case is set for hearing.

The words "return day" have been defined by the Supreme Court of Missouri in the case of State ex rel. Schuhart v. Rose, l. c. 168:

"The only return 'day' fixed by the writ was the second Tuesday in April, 1920, and this court has uniformly held in similar cases that if the notice is not served upon the defendant in error twenty days previous to that date the writ should be dismissed. [Garth v. Motter, 248 Mo. 477; Kenner v. Doe Run Lead Co., 141 Mo. 248; Guy v. Mayes, 141 Mo. 441; Biles, Edwards & Co. v. Beadle, 93 Mo. 628.]"

The Supreme Court of Missouri in the case of State ex rel. Schuhart v. Rose, supra, l. c. 161, says: "'It,' meaning a writ of error, is a process of this court requiring a return thereof in obedience to its command."

The writ itself marks the return day to-wit: The first Monday in March next.

The words "return day" have been defined by the Supreme Court of Iowa in Bankers Iowa State Bank et al. v. Jordan et al., 82 N. W. 779, thus, " 'Return day' is the day appointed by law when writs are to be returned and filed."

Also, "Bouvier's Law Dictionary, Vol. ·3, p. 2952: "Return day. A day appointed by law when all writs are to be returned which have issued since the preceding return day."

We conclude therefore that the term "return day" of the writ of error in this case, is the first day of the term, and, not the day the case is set. Therefore the notice was not served in time.

The second contention of plaintiff in error is that the stipulation filed on the 25th day of February, 1926, and before motion to dismiss were served or filed, is an entry of appearance.

In support of that contention the respondent cites the case of Audsley v. Hale, 303 Mo. 1. c. 461.

In Audsley v. Hale, supra, the court said: "In this case the stipulation was signed within twenty days before the return day, and whether it be regarded as in and of itself an absolute acceptance of notice, or not, it was after and in connection with written communications recognizing the fact that the writ had issued. Afterward defendant in error appeared twice to the writ, stipulating for a continuance and taking leave to file his brief. A motion based on failure to serve notice, filed so long a time afterward, and under the circumstances shown, comes too late. Defendant in error must be held to have waived any lack of formality or of timely service."

This authority falls far short of holding that a stipulation for a continuance after the time had gone by, waived timely service of notice.

A writ of error is a new action and not a continuation of the original action. [Trust Co. v. Traction Co., 270 Mo. 1. c. 487; St. Louis v. Butler, 201 Mo. 1. c. 396.]

The precise question under the facts of this case have never been before the courts of this State so far as we are able to determine.

The notice prescribed by section 1502, Revised Statutes 1919, is necessary to confer jurisdiction of the person. This necessarily follows from the ruling of Audsley v. Hale, 303 Mo. 1. c. 461, as jurisdiction of the subject-matter cannot be conferred by waiver. [State ex rel. Newell v. Cave, 272 Mo. 1. c. 659.]

In discussing the question of appearance, the courts have said that the appearance may. be special or general. If general the appearance is for every purpose. [Coleman v. Farrar, 112 Mo. 1. c. 54; State v. Rose, 142 Mo. 1. c. 421.]

It has been held that applying for and obtaining a change of venue from the court where the action was instituted to another circuit is a general appearance.

The Supreme Court in Markey v. Railroad, 185 Mo. l. c. 359, said: "And the court was also justified in concluding that the stipulation filed in court to set the case for trial on a certain day was an unlimited appearance of the defendant."

Again this court in the case of Ice & Fuel Co. v. Van Hooser, 163 Mo. App. l. c. 592, said: "After the motions were overruled, and at the same term of court, a continuance was granted 'by consent of parties' to the next term. That, alone, amounted to a general appearance."

In State ex rel. Connors et al. v. Shelton, 142 S. W. l. c. 421, it is said: "A voluntary appearance makes notice immaterial."

This court in the case of Roberts et al. v. American Nat. Assur. Co., 212 S. W. Rep., l. c. 393, states the rule thus: "For a party to have impliedly bound himself to submission, he must have 'asked or recovered some relief in the cause, or participated in some step taken therein.' " . . . "The test is has he become an actor in the cause.' [Merchants, etc., Co. v. Clow & Sons, 204 U. S. 286, 27 Sup. Ct. 285, 51 L. Ed. 488.]"

The plaintiff in error became an "actor in the cause" by joining in the request to this court to continue the cause. The continuance was granted upon this joint request.

We conclude therefore, that the stipulation for a continuance, though filed within less than twenty days of the return day named in the writ, was a general appearance and the plaintiff in error is in court. The motion to dismiss is overruled.

Passing now to the merits of the case.

This suit was instituted in the circuit court of Carroll county and taken on change of venue to the circuit court of Grundy county. The purpose of the suit was to recover personal property mentioned in a certain chattel mortgage given to secure defendant's promissory note in the sum of $1761. The note was past due at the time of the institution of the suit. There had been one payment of $500 on the note which was duly credited.

After the sheriff had taken possession under this writ, a redelivery bond was made and the possession of the property was in defendants. The petition contained three counts. However, the second and third counts were dismissed by the plaintiff, and a trial was had on the first count only which sought to re-possess the property described in the chattel mortgage or the value thereof, and damages in the sum of $200 for wrongful detention.

The defendant filed what he denominated as an "answer and counterclaim." A trial was had and a verdict rendered for the value of

the property to-wit: $1761 and that the balance due on the note and chattel mortgage described in the evidence was $1444.29, and that the plaintiff's damages were the wrongful detention of $1000.

The record shows that in open court the value of the property was agreed to be $1761.

The record further shows that in open court the following agreement was made: "It is agreed that the balance due on the note and interest in the suit to this date is $1444.29."

The plaintiff in error complains by reason of the fact that the court counted the interest on the note. However, it appears that the agreement as to the note and interest was made in open court, and the point cannot now be pressed.

We might say in passing that the attorneys who now appear for defendant in error were not engaged in the trial of the case in the circuit court.

The defendant filed an answer, and as he calls it a "counterclaim," and at the close thereof asked judgment for $3500 against the plaintiff. It seems that the defendant tried the case not on the theory that he had filed a counterclaim but that his answer was an absolute defense. This is bourne out by the instruction No. 1 which by agreement was filed with the court. The plaintiff in error cannot try a case on one theory and abandon that theory and adopt another on appeal, as was said by the Supreme Court in the case of Luellan v. Hannie, 287 S. W. 1. c. 640: "The case will be reviewed therefore upon the theory sanctioned by the parties and recognized by the trial court." To the same effect are: Quint v. Kingsbury, 289 S. W. 667; Shortridge v. Raiffensen, 204 Mo. App. 166; Car Mfg. Co. v. Rolling Mill Co., 285 Mo. 669; F. L. Dittmeier Real Estate Co. v. Southern Surety Co., 289 S. W. 877.

The point made by plaintiff in error in regard to the leading question is not preserved by exception.

Plaintiff asks for only $200 damages and the value above that amount awarded by the jury would be very speculative, to say the least, even if he is not bound by the prayer of his petition.

Following the rule announced in Knight v. Lauer, 253 S. W. 1. c. 455.

The Commissioner recommends that the judgment be reversed and cause remanded with directions to enter judgment for the value of the property, $1761 and the special interest of the defendant in the sum of $1444.29, and for damages in the sum of $200 for the wrongful detention, and that plaintiff recover the possession of the property or the amount of his special interest therein $1444.29 and $200 damages for wrongful detention, together with interest thereon from July 2, 1925, at the election of plaintiff and costs of suit. *Frank, C.*, concurs.

PER CURIAM:—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded with directions to enter judgment in accordance with the recommendation of the Commissioner. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.