JAMES AND WILLIAM PATRICK, Plaintiffs in Error, *v.* M. D. FAULKE *et el.*, Defendants in Error.

1. *Mechanics' liens — Four months expiring Sunday, lien must be filed Saturday.* — Under the mechanics' lien law (Wagn. Stat. 909, § 5), when the four months after the indebtedness accrued expired on Sunday, the lien is insufficient unless filed on the Saturday preceding. The act touching construction of statutes (Wagn. Stat. 888, § 6) must be construed in its restrictive sense, and in the case supposed both the first and last day must be excluded.

*Error to First District Court.*

*Lay & Belch,* for plaintiffs in error.

I. The exclusion of the first and the last days clearly means that the party shall have four months within which to file his lien, besides these days, and without counting either one of them. (Carothers v. Wheeler, 1 Oregon, 194.)

*King Brothers,* and *Ewing & Smith,* for defendants in error.

To have been in time, the lien should have been filed on the 7th of March. (Sedgw. Stat. & Const. Law, 420; Broome v. Wellington, 1 Sandf. 664; *ex parte* Dodge, 7 Cow. 147; 2 Hill, 376.)

WAGNER, Judge, delivered the opinion of the court.

This case is brought up on error from the First District Court, where judgment was rendered for the defendants. The action was to enforce a lien for materials furnished and supplied in the

erection of a building, and the only question presented by the record is whether the same was filed within the statutory time.

The law applicable to this case declares that the account, etc., shall be filed with the clerk "within four months after the indebtedness shall have accrued." The materials were furnished on the 8th day of November, 1867, and the lien was filed on the 9th day of March, 1868. The 8th day of March was Sunday. The four months expired on the 8th, and, as that day was Sunday, the whole contention springs out of the question whether a filing on Monday was sufficient, or whether it should have been on the preceding Saturday.

The statutory provision in regard to the computation of time declares that the "time within which an act is to be done, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." (2 Wagn. Stat. 888, § 6.) It must be conceded that the question is not entirely clear, or free from difficulty. Courts have frequently been embarrassed in computing the time within which an act must be done; and the decisions are inharmonious. In Oregon, on a statute using the precise phraseology of ours, the court holds that where the last day falls on Sunday, the act may be done on the succeeding Monday. (Carothers v. Wheeler, 1 Oregon, 194.)

But the weight of authority in respect to the construction of statutory acts is decidedly the other way — holding that when the last day for the performance of a given act falls on a Sunday, the act must be done on the preceding day. (Sedgw. Stat. & Const. Law, 420.) In the construction of rules of court in respect to time for pleading and other matters of practice, it is well settled that if the last day fall on Sunday, the party has the whole of the next day in which to perform the act required. (Cock v. Bunn, 6 Johns. 326; Borst v. Griffin, 5 Wend. 84; Lee v. Carlton, 3 T. R. 642; Solomons v. Freeman, 4 T. R. 557; Harbord v. Perigal, 5 T. R. 210; Shadwell v. Angell, 1 Burr. 56; 1 Sellon's Pr. 95; 1 Tidd's Pr. 433; Grah. Pr. 220–230, 713; 2d ed.)

So, on contracts in regard to which no days of grace are allowed. There, if the specified time for payment or performance fall on

Sunday, the debtor has the following Monday on which to discharge his obligation. (Salter v. Bush, 20 Wend. 205; Avery v. Stewart, 2 Conn. 69; though ruled differently in Maryland: Kilgour v. Miles, 6 Gill. & Johns. 268.) But in commercial law, where days of grace are allowed, the rule has always been different; and where a bill or note falls due on Sunday, it is payable on the previous Saturday. (Chit. on Bills, 410, note.) And in the construction of the statutes the principle has generally been held the same. Thus, in *Ex parte* Dodge, 7 Cow. 147, the question was whether an appeal from a justice's judgment was regular if brought on Monday, where the time limited by the statute (10 days) expired on the day before. The court held that it was not. The same doctrine was explicitly enforced in Broome v. Wellington, 1 Sandf. 664, and it was said where the period fixed by a statute, for doing any act, expires on Sunday, the act must be done on the preceding day; and intermediate Sundays are included in the computation. (See also Anon., 2 Hill, 376.) The word "excluded," as used in the statute, is somewhat ambiguous when practically applied; but, as the general rule is, when construing statutes, to give it a restrictive operation, and, as such is the recognized principle in commercial law, I am of the opinion that the Legislature used it in this sense. The language of the statute would seem to import and imply this construction. In the computation, the first day is to be excluded and the last day included; but, if the last day fall on Sunday, it, too, shall be excluded, showing that the act, then, must be performed on the previous Saturday.

Whilst the lien law is beneficial and just, and highly favored, yet it gives an extraordinary right to the party seeking to avail himself of its advantages; and he must, therefore, bring himself strictly within the conditions of the statute. I think that the lien should have been filed on Saturday, and that Monday was too late. It follows that the judgment of the District Court was right and should be affirmed.

Judgment affirmed. The other judges concur.