STATE *ex rel.* J. W. KERR, Respondent, v. PATRICK SHEEHAN, Appellant.

St. Louis Court of Appeals, November 7, 1893.

Justices' Courts: SETTING ASIDE DEFAULT: COMPUTATION OF TIME. If the ten days, allowed by statue for the filing of a motion to set aside a judgment by default in a justice court, should expire on a Sunday, the motion must be filed before that day.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Lubke & Muench* and *Geo. W. Lubke, Jr.*, for appellant.

A judgment by default rendered by a justice of the peace may be set aside by him, provided application therefor be made within ten days after the rendition of the judgment. Revised Statutes, 1889, sec. 6237. In the computation of the time during which an act may be done, the first day is excluded and the last day included. If the last day be Sunday, it is also excluded or omitted in the computation. The tenth day for doing an act after a given Thursday is the second Monday thereafter. *Gribbon v. Freel*, 93 N. Y. 93; Revised Statutes 1889, sec. 6570 (vol. 11, p. 1541); *Dorsey v. Pike*, 46 Hun, 112; *Porter v. Pierce*, 43 Hun,

11; *Gage v. Davis,* 129 Ill. 236; *Muir v. Galloway,* 61 Cal. 498; *Carothers v. Wheeler,* 1 Ore. 194; *Spencer v. Haug,* 45 Minn. 231; *Johnson v. Merritt,* 52 N. W. Rep. 863.

*Henry B. Davis* and *W. W. Cohick* for respondent.

In computation the first day is to be excluded and the last day included; but, if the last day fall on Sunday, it, too, shall be excluded, showing that the act then must be performed on the previous Saturday. *Patrick v. Faulke,* 65 Mo. 312-314, and cases there cited.

BIGGS, J.—The defendant is one of the justices of the peace of the city of St. Louis. On the nineteenth day of January, 1893, he entered a judgment by default in a cause then pending before him, in which the relator was plaintiff and the St. Louis car company was the defendant. On the thirtieth day of the same month the defendant in that action filed a motion to set aside the judgment, which motion the defendant justice sustained. The present action was begun in the circuit court by a petition for *mandamus* upon appellant to show cause why the said order setting aside the judgment should not be annulled. The ground of the complaint was that the motion was not filed within ten days after the rendition of the judgment. The defendant, in his return, admitted the facts, but justified his action on the ground that the tenth calendar day after the judgment was entered was Sunday, and that, under a proper construction of the statute concerning the computation of time, when the last day for doing the act falls on Sunday, the act may be done on the following Monday. The court sustained a demurrer to the return, and, the defendant refusing to plead further, the order setting aside the judgment against the car wheel com-

pany was annulled and for naught held, and the costs of the present proceeding ordered to be taxed against the defendant. From that judgment the defendant has appealed.

The statute (section 6237, Revised Statutes, 1889) provides: "Every justice of the peace shall have power, on the application of the party aggrieved, or his agent, and for good cause shown, to set aside the judgment of nonsuit and by default above directed, upon the payment of all costs then accrued. Every such application shall be made *within ten days*, or twenty days if the party be a nonresident of the state, after the rendering of the judgment," etc.

Was the defendant's return good as a matter of law? The inquiry involves the construction of the *fourth* clause of section 6570 of the Revised Statutes of 1889, promulgating additional rules for the construction of statutes, which clause reads: "The time within which an act is to be done shall be computed by excluding the first day and including the last, *if the last day be Sunday it shall be excluded.*"

In the case of *Patrick v. Faulke*, 45 Mo. 312, the supreme court with some hesitation held that, when the last day within which a statute prescribed that an act should be done fell on Sunday, such act must be performed on the previous Saturday. It is argued that this decision is not controlling authority in the present action, because the supreme court had under consideration the mechanics' lien act, which at that time was construed strictly. It was said in the opinion in that case that, although the mechanics' lien law was highly favored, yet it gave extraordinary rights to the mechanic or material man, and that, for a party to avail himself of its advantages, he must bring himself strictly within its terms. So, in this case, the ten days allowed for filing a motion to set aside a judgment of nonsuit or

default are days of grace merely, and the party who seeks the privilege which the law thus affords must bring himself within the strict letter of the act.

Holding, as we do, that the decision of the supreme court in the *Patrick case* is applicable to and decisive of this case, we must affirm the judgment. All the judges concur.