EVANS & HOLLINGER, Respondents, v. CHICAGO &
ALTON RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 16, 1898.*

1. **Bills of Exception**: TIME OF FILING: STATUTORY RULE: SUNDAY.
Our statute for the computation of time excludes the first day and
also the last day, when the last day is Sunday; when the leave is to
file a bill of exceptions within sixty days and the last day falls on
Sunday, the bill is well filed on the following Monday.    Cases
reviewed and distinguished.

2. ———: ———: SUNDAY: PRACTICE. The filing of a bill of excep-
tions being a matter of practice, is well done on Monday without
reference to the statute for computing time when the last day of the
time limited falls on Sunday.

*Appeal from the Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

MOTION TO STRIKE OUT BILL DENIED.

F. HUSTON and C. B. ADAMS for appellant.

HAMNER, HARDIN & HAMNER for respondents.

ELLISON, J.—On the fourteenth day of April, 1897,
leave was given the defendant to file the bill of excep-
tions in this case within sixty days.    The last day of
the sixty was Sunday, June 13. Defendant
filed  the  bill on Monday, the fourteenth.
The question is, was the bill filed in time?
Our statute, section 6570, Revised Stat-
utes 1889,  is that "the time within  which  an act
is to be done shall be computed by excluding the first
day and including the last; if the last day be Sunday,
it shall be excluded." The meaning of this statute is
plain.    It means that in counting the time in which an

*BILLS of excep-
tion: time of
filing: statutory
rule: Sunday.*

act must be done you do not count as a part of that time the first day, nor the last day either, if it be Sunday. Applying the statute to this case and omitting from the count the first and last days, we find the bill, by being filed on Monday following the last day, was filed in time.

We may add that as this question relates to matters of practice (the filing of court papers connected with a cause) the bill was filed in time without the aid of the statute. The rule is that in reference to such matters, when the last day of the limited time for doing the act falls on Sunday, the actor has the whole of the next day in which to perform it. Salter v. Burt, 20 Wend. 205; Cock v. Bunn, 6 Johns. 326; Borst v. Griffin, 5 Wend. 84; 2 Hill, 375 (note b).

But plaintiffs cite us to two decisions of the supreme court of this state which they claim determines the question contrary to what we have written. State v. Seaton, 106 Mo. 198; State v. Harris, 121 Mo. 445. Both cases relate to the time within which a bill of exceptions must be filed and the calendar shows that the last day in each case was Sunday and that the bill in each case was filed on Monday following. The court held the filing to be out of time and refused to consider the bill. These are the facts; but the question as to the last day being Sunday was not raised. The attention of the court does not appear to have been called to that phase of the case. Sunday is not mentioned and we only ascertain that the last day was Sunday by referring to the calendar. It is evident that the court did not decide the question presented here. The general question was decided without reference to the last day being Sunday. We, therefore, have nothing from that court as a guide in the determination of the case.

Again, we are cited to the case of Patrick v. Faulke, 45 Mo. 312, where it was held that where the last day of the four months for filing a mechanics' lien paper was Sunday, the paper must be filed on the Saturday preceding and that Monday was too late. That conclusion was reached by a curious oversight as to the reading of the statute and evidently by applying to it decisions from states which did not have a statute on the subject of computation of time. It is quite true that in the absence of a statute showing an intention of the legislature to the contrary, when the last day limited for the doing of some statutory act falls on Sunday, the act must be done on or before the preceding Saturday. But this rule does not apply when the legislature interposes a different rule, or otherwise makes it appear that a different rule was intended. Sundays will be included in the computation "even if the last day of the time limited happens to fall on Sunday, *unless* they are expressly excluded, or the intention to exclude them appears manifest." Cooley v. Cook, 125 Mass. 406. It is evident that the statement of Judge Bliss in the later case of Bank v. Williams, 46 Mo. 14, that the statute provided "that in computing time, the last day, if Sunday, shall be excluded," is not in harmony with Patrick v. Faulke. In Minnesota and Oregon the statute is the counterpart of ours and in each state it is applied, as it reads, and when Sunday is the last day it is excluded from the count of the time. Spencer v. Haug, 45 Minn. 231; Johnson v. Merritt, 50 Minn. 303; Carothers v. Wheeler, 1 Ore. 194. In Bacon v. Florida, 22 Florida, 46, the question (as here) related to the expiration of time for filing a bill of exceptions. There was a rule of court as to computation of time the same as our statute. It read that time "shall be reckoned exclusively of the first day, and inclusively of the last day,

unless the last day shall happen to fall on Sunday, in which case the time shall be reckoned exclusively of that day also.'' The court held, that as the last day for filing the bill of exceptions fell on Sunday, it should be excluded from the count and a filing on Monday was in time under the rule quoted. It also held, as we have here, that it being a matter of practice as to filing papers, the filing was in time, even without the aid of the rule.

The case already referred to of Cooley v. Cook, 125 Mass. 406, involved the question whether an attachment was run within four months next preceding a petition in bankruptcy. The last day fell on Sunday. The federal statute as to computation of time is like ours. It reads that time ''shall be reckoned, in the absence of any expression to the contrary, exclusive of the first and inclusive of the last day, unless the last day shall fall on a Sunday, Christmas day, or on any day appointed by the president of the United States as a day of public fast or thanksgiving, or on the Fourth of July, in which case the time shall be reckoned exclusive of that day also.'' The court held that Sunday should be excluded and Monday should be included in the computation.

There is one case (Allen v. Elliott, 67 Ala. 432) which has given expression to the same view taken in Patrick v. Faulke, *supra*. The Alabama statute is the same as ours. The court refers for authority to Bouvier's Dictionary, Sunday. But singularly enough the rule is there stated exactly to the contrary. It is evident that the learned judges in writing the opinions in those cases, excluded Sunday from the *time* allowed in which to do the act, instead of excluding it from the *count of the time*. By such inadvertence their statement of the rule is in the face of the statute.

The statute reads that Sunday shall be excluded, not from the time, but from the computation of the time.

We have said nothing of those cases which refer to acts which must be done on court days, or those where one or more Sundays intervene in the period allowed for the act; since they have no application to the point involved here.

The motion to strike out the bill of exceptions will be overruled, and the cause continued to the next term, the defendant to file abstract and briefs in sixty days as per stipulation. All concur.