MICHAEL JORDAN, Defendant in Error, v. CHICAGO & ALTON RAILWAY, Plaintiff in Error.

**St. Louis Court of Appeals, March 1, 1902.**

1. **Writ of Error, When Sued Out:** STATUTORY CONSTRUCTION. Section 8073, Revised Statutes 1899, provides that a writ of error must be sued out within a year after rendition of judgment.

2. **Judicial Notice of Time.** The appellate court will take judicial notice that February 9, 1902, fell on Sunday.

3. **Time, Computation of:** STATUTORY CONSTRUCTION. Section 4160, Revised Statutes 1899, provides that "the time within which an act is to be done shall be computed by excluding the first day and including the last; if the last shall be Sunday it shall be excluded.

4. ———: ———. In the case at bar, if the day on which the judgment was rendered (February 9, 1901) be excluded, the last day of the year in which the writ of error might be issued would fall on February 9, 1902; and as this day fell on Sunday it must also be excluded from the computation if we are to be governed by the statute. This would make last day of the year in which the writ might be sued out fall on February 10, 1902, the day on which it was issued, and we conclude that the writ was sued out within one year after the rendition of final judgment.

Writ of Error from Audrain Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

SUPERSEDEAS GRANTED.

*F. Houston* for appellant.

*P. H. Cullen* for respondent.

BLAND, P. J.—Section 8037, Revised Statutes 1899, provides that a writ of error must be sued out within a year after rendition of final judgment. The record shows that final judgment was rendered in the cause on February 9, 1901. The writ of error was sued out of this court on February 10, 1902; a year and a day after rendition of the judgment. The court takes judicial notice that February 9, 1902, fell on Sunday. Section 4160, Revised Statutes 1899, provides that "the time within which an act is to be done shall be computed by excluding the first day and including the last; if the last be Sunday it shall be excluded." If the day on which the judgment was rendered (February 9, 1901) be excluded the last day of the year in which the writ might be issued would fall on February 9, 1902. As this day fell on Sunday it must also be excluded from the computation if we are to be governed by the statute. This would make the last day of the year in which the writ might be sued out fall on February 10, 1902, the day on which it was issued.

In Patrick v. Faulke, 45 Mo. 312, the Supreme Court construed section 4160, supra, to mean that if the last day in which an act might be done fell on Sunday, the act should be done not later than the preceding Saturday. This ruling, however, was virtually overturned by the subsequent case of Bank v. Williams, 46 Mo. 17, where the statute was construed to mean that if the last day for the performance of an act fell on Sunday, Sunday should be excluded from the computation of the time in which it might be done and that the act might be done on the succeeding Monday. Bank v. Williams has been approved and followed in Cattell v. The Dispatch Publishing Company, 88 Mo. 356; State v. Harris, 121 Mo. l. c. 447; Maloney v. Railroad, 122 Mo. l. c. 115; State v. May, 142 Mo. 135, and in Evans & Hollinger v. Railroad, 76 Mo. App. 468. Following these later decisions we conclude that the writ was sued out within one year after the rendition of final judgment and deny the motion to dismiss the writ.

The supersedeas bond filed by plaintiff in error is by the court approved and it is ordered that a supersedeas be granted pending the cause on the writ of error. *Barclay* and *Goode*, *JJ.*, concur.