ALICE K. GARTH, Plaintiff in Error, v. JOSHUA MOTTER.

Division Two, March 12, 1913.

1. JUDICIAL NOTICE: Day of Month: Meeting of Court. The court takes judicial notice that the first Monday in October cannot be the 11th day of October; also upon what day a court of appeals regularly convenes.

2. WRIT OF ERROR: Timely Notice: Twenty Days Before Return Day. The writ of error was sued out July 20, 1909, and made returnable on the first Monday in October, 1909, and in

fact was returned July 21, 1909. On September 20, 1909, plaintiff in error gave written notice to defendant in error that the writ would be presented to and heard by the court on Monday, October 11, 1909. The Statute requires such notice to be served "twenty days before the return day of such writ." *Held*, that the notice was not timely, and the writ should be dismissed. The notice was not given twenty days before the return day of the writ.

3. **LIMITATION: Raised by Demurrer.** Where the petition founded on a promissory note discloses that no payment had been paid on the note for thirty-two years, and alleges no novation of promise or other fact to toll the Statute of Limitations, a demurrer to the petition that. the cause of action is barred by the statute, should be sustained.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

WRIT OF ERROR DISMISSED.

*Ben T. Woodson* for plaintiff in error.

The Statutes of Limitations cannot be taken advantage of by demurrer. Smith v. Dean, 19 Mo. 63; Angel on Limitations (2 Ed.), p. 312; Hines v. Potts, 56 Miss. 352.

*Motter & Shultz* for defendant in error.

(1) The writ of error should be dismissed. R. S. 1899, sec. 852; Rules Governing Practice in the Kansas City Court of Appeals, Rule 7; Biles, Edwards & Co. v. Beadle, 93 Mo. App. 628; Schnelle v. Devanney, 61 Mo. App. 453; Williams v. Beck, 63 Mo. App. 149; Kenner v. Lead Co., 141 Mo. 248. (2) The court did not err in sustaining the demurrer to plaintiff's petition. Burrus v. Cook, 215 Mo. 503; Bliss on Code Pleading (3 Ed.), sec. 205.

FARIS, J.—This is. an action at law, for the balance, with interest, due on a promissory note, for the

original sum of $4500, bearing interest from ma-
**Note.**    turity at the rate of ten per cent per annum.
The note was dated June 11, 1875, and fell due one
year after date. It was made by defendant Joshua
Motter and others, whose names are not here perti-
nent, to the father of plaintiff, who sues as sole heir,
after administration had.

The petition was filed on the 17th day of April,
1909, in the circuit court of Buchanan county. This
**Payments.**  petition on its face showed a payment made
on the note of $2635.47 on the 9th day of
December, 1876; alleged that no other payments had
been made thereon, and prayed judgment for the bal-
ance of $1864.53, together with interest at the rate of
ten per cent per annum from December 9, 1876. The
petition disclosed no facts, and made no allegations,
tolling the Statute of Limitations. Applying the rule
expressed by the maxim—*certum est quod certum
reddi potest*—we find the amount alleged by the pe-
tition to be due at the time of filing suit, to have been
about $10,745.

The defendant appeared in the circuit court and
filed a demurrer to the petition, which demurrer be-
**Demurrer.**  ing sustained, the plaintiff refused to fur-
ther plead and final judgment was ren-
dered against her below thereon on May 8, 1909.
Thereupon, on the 20th day of July, 1909, plaintiff
sued out, in the Kansas City Court of Appeals,
**Writ of**   a writ of error, returnable to said court on
**Error.**    the first Monday in October, 1909, and thereon
the circuit court of Buchanan county actually made re-
turn July 21, 1909. Attempting to comply with the
requirements of section 2071, Revised Statutes 1909,
plaintiff in error on the 20th day of September, 1909,
served on the defendant in error the following notice:

Alice K. Garth, Plaintiff in Error,
v.        9063.
Joshua Motter, Defendant in Error.

   Joshua Motter, Defendant in Error, or Motter & Shultz, his. attorneys of record:  You are hereby notified that the writ of error from the Kansas City Court of Appeals will be presented to and heard by that court in Kansas City, Missouri, on Monday, October 11th, 1909.

   Served Sept. 20, 1909.

                                    BEN J. WOODSON,
                                 Atty. for Plaintiff in Error.

   On September 25, 1909, the defendant in error filed a motion in the Kansas City Court of Appeals to dismiss the writ of error herein, on the ground that no timely notice as required by law had been given. He also, by a brief filed in said court, and refiled in this court, urged a dismissal for lack of such notice. By stipulation of counsel the case was submitted on briefs in the said court of appeals.  The case coming on for hearing in said court on the motion filed on the merits, that court, deeming itself without authority to hear and determine the same, because the amount involved exceeded its jurisdiction, on the 4th day of November, 1909, ordered it certified to this court for determination, which was accordingly done, and the case is here.

   There are but two points raised in the case; one of these is raised by the plaintiff in error, and the other by the defendant in error.  The point of the plaintiff in error is: Did the trial court err in sustaining the demurrer to plaintiff's petition, it appearing (and for the reason) that said petition showed upon its face that the cause of action stated therein, or attempted so to be, was barred by the Statute of Limitations?  The question raised by the defendant in error is:  Was timely statutory notice given of the suing out of the writ of error herein; if not, should the writ be dismissed for lack of statutory notice?

Notice.

We must needs look first to the last question, meeting it as we do upon the threshold.

The statute involved and relied upon is as follows:

"Sec. 2071. Every person suing out a writ of error shall cause notice thereof in writing to be served on the adverse party or his attorney of record, twenty days before the return day of such writ. If such notice be not served, the writ shall be dismissed, unless good cause for such failure be shown."

As we have already noted in the statement of facts, the writ of error was returnable on the *first Monday in October,* 1909. Return thereof was promptly and timely made—in fact the return bears attest of the circuit clerk on July 21, 1909, and the filing shown to have been had on July 22, 1909, in the said court of appeals. The notice actually given by plaintiff in error was served on September 20, 1909, and it advised and notified defendant in error that "the writ of error from the Kansas City Court of Appeals will be presented to and heard by that court in Kansas City, Missouri, on Monday, October 11, 1909." Here was, of course, more than twenty days' notice prior to "presentation and hearing" of the writ of error, but not the twenty days' notice required by statute before the return day of said writ. For

Judicial Notice.
we judicially notice that the 11th day of October cannot fall upon the first Monday in October, the date fixed by the writ itself for the return thereof. [Jordan v. Railroad, 92 Mo. App. 84.] The writ also was by its terms required to be returned to the October term of the Kansas City Court of Appeals. We judicially notice the day upon which that court convenes. [Harwood v. Toms, 130 Mo. 225; 16 Cyc. 912, and cases cited.]

Thus taking judicial notice, and retaining in mind the facts here shown by the record, we are constrained

to hold that the point of defendant in error was well taken. [Kenner v. Doe Run Lead Co., 141 Mo. 248; Guy v. Mayes, 141 Mo. l. c. 443.]

This view obviates the necessity of considering the point made by the plaintiff in error touching whether the demurrer below to the petition was well taken. In passing this point, however, we may say that upon the facts of the petition it was disclosed that no payment had been made on the note in suit for thirty-two years and more, nor was any novation of promise or other fact pleaded to toll the statute. Hence, it follows that, since far more than ten years had elapsed since plaintiff or her ancestor possessed the right of action, and since no facts are alleged to take the action out of the operation of the statute, the petition was defective and the demurrer well taken. [Burrus v. Cook, 215 Mo. 496; Bliss on Code Pleading (3 Ed.), sec. 205.]

<span style="margin-left:2em">**Limitations.**</span>

It follows that the writ of error should be dismissed at plaintiff's cost, and it is so ordered.

*Brown, P. J.,* and *Walker, J.,* concur.